IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,814-02




EX PARTE JOHN ANTHONY SALAZAR, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 04-00188-S IN THE 282ND DISTRICT COURT
FROM DALLAS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. Salazar
v. State, No. 05-05-1455-CR (Tex. App.–Dallas, November 14, 2006). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to preserve error regarding the cross-examination of the complainant on the issue of
potentially filing a civil suit against Applicant. The trial court recommends granting relief, but this
Court requires more information prior to rendering a decision.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
            We note that the habeas judge was not the judge presiding over the trial. After a review of
the reporter’s record and the evidence adduced at trial, the trial court shall make findings of fact as
to whether the evidence in question was material. The trial court shall also make findings as to
whether there is a reasonable probability that the outcome of trial would have been different had the
defense been allowed to cross-examine the complainant about a possible civil suit against Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 20, 2010
Do not publish